**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Saticoy Bay LLC Series 2605 Cattrack,<br><br>Plaintiff<br><br>v.<br><br>Angelica Carrillo, et al.,<br><br>Defendants | Case No.: 2:14-cv-464-JAD-NJK<br><br>**Order Remanding Case Back to State Court** |

On March 27, 2014, defendant Secretary of Housing and Urban Development (HUD) removed this quiet title action to federal court pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1), and 1446.  Doc. 1 at 1.  On January 21, 2015, HUD disclaimed all interest in the present case.  Doc. 10. On March 4, 2015, I entered a minute order directing the parties to "file a detailed notice of case status by March 13, 2015."  Doc. 11 (minutes).  On March 13, 2015, plaintiff Saticoy Bay LLC Series 2605 Cattrack filed a status report, noting HUD's disclaimer of interest and that "It was [HUD] that removed this case to federal court.  In light of the fact that [HUD] disclaimed interest in the property it is respectfully submitted that it would be proper to remand the case back to state court."  Doc. 12 at 2.  Remaining defendant Angelica Carrillo has not filed a status report in response to the court's order.

Under Federal Rule of Civil Procedure 12(h)(3), the district court may at any time ascertain whether it has subject matter jurisdiction over a case, and it must dismiss when subject matter jurisdiction is lacking.[1]  28 U.S.C. § 1442(a)(1) provides that "A civil action that is commenced in a State court and this is against or directed to [The United States or any agency thereof] . . . may be removed by them to the district court of the United States for this district and division embracing the place wherein it is pending."  Under the Quiet Title Act, "If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, the jurisdiction of the district court shall cease" unless jurisdiction can

---

[1] Fed. R. Civ. Proc. 12(h)(3).

1

be found on another basis.[2]  "If the United States does elect to drop its claim, it can unilaterally destroy jurisdiction over the Quiet Title Act suit simply by filing a disclaimer."[3]

Upon HUD's disclaimer, the suit remains pending against individual defendant Angelica Carrillo, who is not alleged to be an agent of the federal government.[4]  HUD premised removal on 28 U.S.C. § 1442(a)(1); federal jurisdiction has not been re-urged on an alternative basis by either of the remaining parties, nor is it evident from the record itself.  As federal courts are courts of limited jurisdiction, removal jurisdiction must be construed against a finding that jurisdiction exists,[5] I hereby remand this case back to Nevada's Eighth Judicial District Court.

## Conclusion

Accordingly, It is HEREBY ORDERED that this case is **remanded** back to the Eighth Judicial District Court, Case No. A-697993-V, and the clerk of court is instructed to close this case.

DATED: March 18, 2015.

_____
Jennifer A. Dorsey
United States District Court Judge

---

[2] 28 U.S.C. § 2409a(e).

[3] *Alaska v. U.S.*, 201 F.3d 1154, 1162 (9th Cir. 2000).  HUD did not reference the Quiet Title Act in its original petition for removal.  See Doc. 1.  But even assuming *arguendo* that the Quiet Title Act is inapplicable, other circuits have upheld governmental disclaimers of interest in other real property disputes where, as here, the parties do not dispute that HUD properly issued the disclaimer or challenge the disclaimer, and have not indicated that HUD acted in bad faith.  *See Samuel C. Johnson 1988 Trust v. Bayfield County, Wis.*, 520 F.3d 822, 828-29 (7th Cir. 2008).  Absent any such evidence, I confirm the government's disclaimer of interest in this case and terminate HUD as a party.

[4] Under 28 U.S.C. § 1332(a), a district court exercises diversity jurisdiction over disputes involving citizens of different states where the amount in controversy exceeds $75,000 before interests and costs.  While neither Staticoy nor Carrillo's citizenship is known, the real property subject to this dispute is situated in Nevada, and there is no argument by either party that diversity of citizenship exists.

[5] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).